**Vinod KUMAR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 99–70471.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2008.

Filed Dec. 22, 2008.

---

* The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Robert Bradford Jobe, Esquire, Christine L. Lin, Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Paul Fiorino, Esquire, Carl H. McIntyre, Jr., Esquire, Assistant Director, Allen W. Hausman, Esquire, Samia Naseem, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, McKEOWN and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Vinod Kumar, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his request for (1) asylum and (2) withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, we deny the petition for review. *See Zhou v. Gonzales*, 437 F.3d 860, 864 (9th Cir.2006) (citations omitted).

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The Attorney General has the discretion to grant asylum to refugees. 8 U.S.C. § 1158(a). A refugee must establish that he is unable to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion...." 8 U.S.C. § 1101(a)(42)(A).

■■■ Kumar failed to establish a nexus between the two gunmen's actions in aid of extorting funds and his or his parents' religious beliefs or political opinions. Therefore, the gunmen's actions cannot amount to persecution on account of a statutory reason. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1177 (9th Cir.2004) ("Random, isolated criminal acts perpetrated by anonymous thieves do not establish persecution."). Having failed to establish past persecution, Kumar cannot avail himself of the presumption of future persecution. *See* 8 C.F.R. § 208.13(b)(1). Kumar also failed to submit any evidence indicating that his fear of future persecution was objectively reasonable. His father (who is similarly situated) has not confronted further threatening incidents since moving to Calcutta. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident."). Therefore, substantial evidence supports the BIA's determination that Kumar failed to establish persecution or a well-founded fear of future persecution.

Because Kumar cannot meet the lower standard of eligibility for asylum, he has failed to show that he is entitled to withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

■■■ We decline to address Kumar's due process claim, because it was not administratively exhausted. *See* 8 U.S.C.

§ 1252(d)(1). Kumar failed to address this issue in his brief to the BIA or in any other filings to the BIA, and therefore we lack jurisdiction to consider it. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**